# STARZYK & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

Michael A. Starzyk                                                                                    mstarzyk@starzyklaw.com

May 20, 2008

Shelia Ashabranner                                                                    *Via E-mail and E-Filing*
Case Manager to Judge Nancy F. Atlas
United States Courthouse
515 Rusk Street, Room 9015
Houston, TX 77002-2601

    Re:    *Crystal McCombs v. Festival Fun Parks, L.L.C., et al.*; Civil Action No. 4:08-cv-01093; United States District Court for the Southern District of Texas, Houston Division

Dear Judge Atlas:

    We are writing to request clarification of the Court's April 10, 2008 Order for Conference, Item No. 7, stating: "<u>Discovery may be conducted prior to the Initial Pretrial Conference if all name defendants have answered.</u>"

    Plaintiff understands this Order to mean the Court has explicitly authorized the parties to immediately commence discovery once all defendants have answered, which occurred April 8, 2008. <u>After all Defendants answered</u>, Plaintiff served her First Set of Requests for Production upon Defendant Festival Fun Parks, L.L.C. ("Defendant") (which included requests related to Defendant's 25 affirmative defenses and allegations it made in its Position Statement to the EEOC). Defendant's responses are due <u>May 27, 2008</u>. Defendant has indicated its unwillingness to respond to Plaintiff's written discovery requests on May 27, and contends that no discovery was allowed (pursuant to Rule 26(d)(1)) until after the Rule 26(f) Conference of counsel, which occurred on May 15. Plaintiff notes, however, that Rule 26(d)(1) expressly provides that it prohibits discovery before the Rule 26(f) Conference of Counsel <u>except where a court order has otherwise authorized discovery</u> – such as the Court's April 10, 2008 Order, Item No. 7. FED. R. CIV. P. 26(d)(1) (prohibiting pre-conference discovery "except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, **or by court order**") (emphasis added). Accordingly, the parties are at an impasse regarding the proper interpretation of Item 7 of the Court's April 10, 2008 Order, and would appreciate your guidance on this issue.

Shelia Ashabranner
Case Manager to Judge Nancy F. Atlas
May 20, 2008
Page 2

Thank you for your attention to this matter.

Yours truly,

STARZYK & ASSOCIATES, P.C.

Michael A. Starzyk

MAS:
cc:     David Comeaux
        Jennifer Miscovich
        Client