IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRYSTAL McCOMBS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1093 |
| | § | |
| FESTIVAL FUN PARKS, L.L.C., *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss for Lack of Personal Jurisdiction ("Motion to Dismiss") [Doc. # 8] filed by Defendant Palace Entertainment Holdings, Inc. ("PEHI"). Plaintiff Crystal McCombs filed a Response [Doc. # 10] in opposition to the Motion to Dismiss, and PEHI filed a Reply [Doc. # 11]. Having reviewed the record and applied governing legal authorities, the Court **denies** the Motion to Dismiss.

**I.    BACKGROUND**

Plaintiff has alleged that she was sexually harassed, discriminated against on the basis of her sex, and retaliated against while she was employed by Defendants at Mountasia of Kingwood ("Mountasia"). Plaintiff alleged that she had an excellent, lengthy employment history at Mountasia. Plaintiff alleged that in April 2007, Jason

Miller transferred to Mountasia as Plaintiff's supervisor. Plaintiff alleged that on Miller's first day at Mountasia he invited her out for drinks. Plaintiff declined the invitation and reported the incident to her former supervisor, Jamie Baker.

Plaintiff alleged that Miller continued to invite her to meet with him outside of work, and that she continued to decline his invitations. Plaintiff alleged that Miller retaliated against her for rejecting his improper invitations and for confronting him about an inappropriate sexual relationship he was having with another subordinate. Plaintiff then complained formally to Miller's superiors, who placed her on paid administrative leave while her complaints were investigated. Plaintiff was then fired in May 2007, allegedly for "ongoing performance issues and conduct in the workplace that is inappropriate and unbecoming."

Plaintiff filed this lawsuit in state court in Montgomery County, Texas, alleging sexual harassment, sex discrimination, and retaliation. Plaintiff named both FFP and PEHI as Defendants.

FFP removed the case to federal court, and PEHI moved to dismiss for lack of personal jurisdiction. The Motion to Dismiss is fully briefed and ripe for decision.

## II.  ANALYSIS

PEHI asserts that it does not have sufficient contacts with Texas to allow the Court to exercise personal jurisdiction over it. The Texas long-arm statute "authorizes

the exercise of jurisdiction over nonresidents 'doing business' in Texas," and "the Texas Supreme Court has interpreted the 'doing business' requirement broadly, allowing the long-arm statute to reach as far as the federal Constitution permits." *Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996); *Schlobophm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990); *see also Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001); *Alpine View*, 205 F.3d at 214. Thus, the jurisdictional inquiry under the Texas long-arm statute collapses into a single due-process inquiry. *See Ruston Gas Turbines v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993); *Smirch v. Allied Shipyard, Inc.*, 164 F. Supp.2d 903, 906 (S.D. Tex. 2001).

The two-part test for assertion of personal jurisdiction under the due process clause is (1) whether a defendant "purposefully availed itself of the benefits and protections of the forum state by establishing 'minimum contacts' within the forum state," and (2) whether the assertion of personal jurisdiction would comport with "traditional notions of fair play and substantial justice." *Alpine View*, 205 F.3d at 215; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985). Both prongs of the due process test must be met in order for this Court to exercise personal jurisdiction over the defendant.

Plaintiff bears the burden of establishing "minimum contacts" with the forum state by the nonresident defendant sufficient to invoke the jurisdiction of this Court. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999).  When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the party asserting jurisdiction is required to present facts sufficient to constitute a *prima facie* case of personal jurisdiction to satisfy its burden.  *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003); *Alpine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 214 (5th Cir. 2000).  The Court must accept as true the party's uncontroverted allegations and resolve any factual conflicts in favor of the party seeking to invoke the court's jurisdiction.  *Central Freight*, 322 F.3d at 376; *Alpine View*, 205 F.3d at 214.  The burden of proof is on the defendant to "show that the exercise of personal jurisdiction is unfair or unreasonable."  *See Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 276 (5th Cir. 2006).

When personal jurisdiction is asserted, the "minimum contacts" requirements may be satisfied if either (1) the controversy is "related to" or "arises out of" the nonresident defendant's contacts with the forum ("specific jurisdiction"), or (2) the defendant has "continuous and systematic" contacts with the forum ("general jurisdiction").  *See Burger King*, 471 U.S. at 472-76; *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 413-17 (1984); *Alpine View*, 205 F.3d at 215.

In this case, Plaintiff has presented evidence that PEHI owns and operates four water parks in Texas. *See* PEHI Form 10-Q, Notes to Condensed Consolidated Financial Statements (Exh. 2 to Response), p. 8. Plaintiff also presented evidence that PEHI leases real property in connection with a park, the Dallas SpeedZone, and was negotiating the purchase of that property. *See id.* at 20.

PEHI argues that it is actually FFP that owns the Texas parks, including the park at which Plaintiff was employed. In the 10-Q, however, PEHI is defined as "the Company" and FFP is defined independently. *See id.* at 8. The representation in the 10-Q is that "the Company" owns the parks in Texas and is negotiating to purchase real estate that it currently leases. *See id.* at 8, 20. Additionally, reference is made in the 10-Q where appropriate to the "Company and its subsidiaries," but the representations regarding ownership and operation of the four parks in Texas and negotiations for purchase of the real property near Dallas, Texas, refer only to "the Company."

Plaintiff has presented evidence that PEHI owns and operates parks in Texas and, at a minimum, leases real property in the state. PEHI has presented evidence to the contrary, but all factual conflicts must be resolved in favor of Plaintiff, the party seeking to invoke the court's jurisdiction. As a result, Plaintiff has made a *prima facie* showing that this Court has personal jurisdiction over PEHI and Defendant has failed

to prove that the exercise of that jurisdiction would offend traditional notions of fair play and substantial justice.

## III.   CONCLUSION AND ORDER

Plaintiff has satisfied her burden of making a *prima facie* showing of the Court's personal jurisdiction over Defendant PEHI.  Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss [Doc. # 8] is **DENIED**.

SIGNED at Houston, Texas, this **16th** day of **July, 2008**.

_____
Nancy F. Atlas
United States District Judge