# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CRYSTAL McCOMBS,<br>　　　Plaintiff,<br><br>v.<br><br>FESTIVAL FUN PARKS, L.L.C.,<br>*et al.*,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-08-1093 |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 17] filed by Defendants Festival Fun Parks, LLC ("Festival") and Palace Entertainment Holdings, Inc. ("Palace").[1] Plaintiff Crystal McCombs filed a Response [Doc. # 20] in opposition to the Motion, and Defendants filed a Reply [Doc. # 21]. Having reviewed the record and applied governing legal authorities, the Court **grants** the Motion as to the hostile environment sexual harassment claim and **denies** the Motion in all other respects.

---

[1] Also pending is Plaintiff's Motion for Leave to File Sur-Reply and Supplement Summary Judgment Record ("Motion for Leave") [Doc. # 22], to which Defendants filed a Response [Doc. # 23]. Because the Court does not rely on Plaintiff's statements to the Texas Workforce Commission or on Defendants' alleged mischaracterization of those statements, no sur-reply or supplemental evidence is necessary and the Motion for Leave is **DENIED AS MOOT**.

## I.    BACKGROUND

Plaintiff began her employment at Mountasia of Kingwood ("Mountasia") in March 2006. Plaintiff alleges that she had excellent performance reviews until April 2007 when Jason Miller transferred to Mountasia as Plaintiff's supervisor.[2] Plaintiff alleges that Miller, from the first day he became her supervisor, often invited her out for drinks, made inappropriate comments, and touched her in an unwelcome way. Plaintiff alleges that, after she rejected Miller's advances and told him that their relationship was strictly professional, he interfered with her ability to perform her job responsibilities capably.

Plaintiff alleges that she first reported the unwelcome conduct to her former supervisor, Jamie Baker, in April 2007. Plaintiff then complained directly to Miller on May 5, 2007, about his conduct. Plaintiff again reported the alleged sexual harassment to Baker on May 18, 2007, and she reported Miller's inappropriate behavior to Wes Marks, Miller's supervisor, on May 19, 2007.

Plaintiff alleges that Miller interfered with her ability to perform her job responsibilities and complained about her performance because she rejected his

---

[2]    Defendants have presented evidence of a comment in Plaintiff's January 2007 Team Member Performance Evaluation, stating that Plaintiff was "quick tempered" and should "work on being more tactful." *See* Deposition of Gene Muncy, Exh. A to Motion, FFP 11.

advances. Plaintiff also alleges that Defendants terminated her employment on May 28, 2007, in retaliation for her complaints about Miller's sexual harassment.

Plaintiff filed this lawsuit in state court in Montgomery County, Texas, alleging hostile environment sexual harassment, quid pro quo sexual harrassment, and retaliation. Plaintiff named both Festival and Palace as Defendants.

After an adequate time for discovery, Defendants filed their Motion for Summary Judgment. Defendants argue that Plaintiff has not presented evidence of severe or pervasive sexual harassment to support her hostile environment claim and that she cannot prevail on her retaliation claim because the decision to terminate her employment was made before she engaged in protected activity. Defendants also argue that Palace is not Plaintiff's employer. The Motion has been fully briefed and ripe for decision.

## II.   STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v.*

*ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the

*ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the

outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## III.   HOSTILE ENVIRONMENT SEXUAL HARASSMENT CLAIM

Where, as here, the plaintiff alleges that it was her supervisor who created the hostile environment, she must prove the following four elements: (1) that she belongs to a protected class; (2) that she was subjected to unwelcome sexual harassment; (3) that the harassment was based on sex; and (4) that the harassment affected a "term, condition, or privilege" of her employment. *See Lauderdale v. Texas Dept. of Crim. Justice*, 512 F.3d 157, 163 (5th Cir. 2007); *Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999). It is undisputed that Plaintiff is a member of a protected class, and she has presented evidence that she was subjected to unwelcome sexual harassment that was based on sex.

To satisfy the fourth element, the harassment "must be sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." *Lauderdale*, 512 F.3d at 163 (citing *Meritor Sav. Bank v. Vinson,* 477 U.S. 57, 67 (1986)). In determining whether an environment is hostile or abusive, the Court looks to the totality of the circumstances. *Id.* Relevant factors include the frequency of the harassment; its severity; "whether it is physically threatening or humiliating, or a mere offensive utterance;" and whether the alleged harassment interfered with the plaintiff's ability to perform her job responsibilities competently. *See id.* (citing *Harris v. Forklift Sys.,* 510 U.S. 17, 23 (1993)).

Plaintiff alleges under oath that Miller invited her out for drinks, invited her to his house, invited her to lunch alone, touched her arms, attempted to hold her hand, and made a comment about wanting blinds for his office windows so he and Plaintiff could have more privacy. Defendants argue that this alleged harassment, even if proven, does not rise to the level of severe and pervasive conduct required for a hostile environment claim. Plaintiff appears to have abandoned this claim, having failed to address it in her response and having relied only on her quid pro quo sexual harassment claim.

In any event, having considered the relevant factors listed above, the Court finds that Plaintiff has not alleged or presented evidence to raise a genuine issue of material fact regarding the fourth element of the hostile environment claim. The conduct described, under the totality of the circumstances, does not rise to the level of severe and pervasive harassment that could alter the conditions of Plaintiff's employment. *See, e.g., Hockman v. Westward Communications*, 407 F.3d 317, 328-29 (5th Cir. 2004); *Shepherd v. Comptroller of Public Accounts*, 168 F.3d 871, 873 (5th Cir. 1999). Defendants are entitled to summary judgment on Plaintiff's hostile environment claim.

### IV.   QUID PRO QUO SEXUAL HARASSMENT CLAIM

To establish a quid pro quo sexual harassment claim, the plaintiff must show that "(1) she suffered a tangible employment action and (2) the tangible employment action resulted from her acceptance or rejection of her supervisor's alleged sexual advances." *See Russell v. Univ. of Texas of Permian Basin*, 234 F. App'x. 195, 201 (5th Cir. June 28, 2007) (citing *La Day v. Catalyst Tech, Inc.*, 302 F.3d 474, 481 (5th Cir. 2002)).

It is undisputed that Plaintiff suffered a tangible employment action when her employment was terminated on May 28, 2007.

Plaintiff has presented evidence that Miller engaged in verbal and physical conduct of a sexual nature that Plaintiff found unwelcome, undesirable, and offensive. "Unwelcome sexual harassment" includes "sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature that is unwelcome in the sense that it is unsolicited or unincited and is undesirable or offensive to the employee." *Marquez v. Voicestream Wireless Corp.*, 115 F. App'x. 699, 701 (5th Cir. Nov. 24, 2004) (quoting *Wyerick v. Bayou Steel Corp.,* 887 F.2d 1271, 1274 (5th Cir. 1989)).

Plaintiff has also presented evidence that raises a genuine issue of material fact regarding whether the termination of her employment resulted from her rejection of Miller's unwanted advances. Plaintiff has presented evidence that, after she informed

Miller unequivocally that her relationship with him was purely professional, he began to interfere with her ability to do her job and then began to complain to Marks about her job performance and attitude. For example, Plaintiff has presented evidence that Miller refused to help her with their shared job responsibilities. *See, e.g.*, Plaintiff's Verified EEOC Charge, Exh. 10 to Response, ¶ 20. Plaintiff has also presented evidence that Marks's decision to recommend that Plaintiff's employment be terminated was based, at least in part, on what Miller told him. *See* Deposition of Wes Marks, Exh. 2 to Response, p. 225.

Plaintiff has presented sufficient evidence to raise a genuine issue of material fact to support her quid pro quo sexual harassment claim. Defendants' Motion for Summary Judgment on this claim is denied.

## V.  RETALIATION CLAIM

To establish a *prima facie* case for retaliation, a plaintiff must present evidence that (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) there is a causal link between the protected activity and adverse employment action. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007). It is undisputed that Plaintiff suffered an adverse employment action when her employment with Defendants was terminated on May 28, 2007.

The parties dispute when Plaintiff first engaged in activity protected by Title VII. An employee engages in protected activity by either (1) opposing any unlawful employment practice under Title VII; or (2) filing a charge of discrimination or otherwise participating in any manner in a Title VII matter. *See Baker v. American Airlines, Inc.*, 430 F.3d 750, 755 (5th Cir. 2005). Plaintiff has presented evidence that she opposed what she reasonably believed was an unlawful employment practice under Title VII when she reported to Baker, her prior supervisor, that Miller, her current supervisor, was engaging in sexually harassing behavior. Plaintiff again engaged in protected activity when she formally reported Miller's sexual harassing behavior to Marks on May 19, 2007.

The parties also dispute whether Plaintiff has shown a causal connection between the protected activity and the termination of her employment. Defendants argue that the only protected activity for purposes of the retaliation claim is the May 19, 2007, formal report to Marks. Defendants then argue that the decision to terminate Plaintiff's employment was made on May 18, 2007, the day before Plaintiff's formal report to Marks. As is noted above, however, Plaintiff has presented evidence that she engaged in protected activity in April 2007 when she reported to her former supervisor that Miller was subjecting her to sexual harassment. The temporal proximity between Plaintiff's protected activity in April 2007, and the termination of

her employment on May 28, 2007, provides the causal link required to make out a *prima facie* case of retaliation. *See Lemaire v. State of Louisiana*, 480 F.3d 383, 390 (5th Cir. 2007); *Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir.1997).

Plaintiff has presented evidence to raise a genuine issue of material fact in support of her *prima facie* case of retaliation. Defendants assert, with supporting evidence, that they terminated Plaintiff's employment because she was insubordinate and had a poor attitude. Defendants point specifically to an incident on May 1, 2007, in which Plaintiff became upset that Courtney Tolbert, the Regional Marketing Manager, was moving tables to create more space for a birthday party. Defendants note that Plaintiff became very upset and was "rolling her eyes" while Ms. Tolbert moved the tables.

Plaintiff has presented evidence, however, that would allow a reasonable jury to determine that Defendants' explanation for its termination of Plaintiff's employment was a pretext for retaliation. For example, the temporal proximity between that protected activity in April 2007 and the May 2007 termination creates a fact issue regarding whether the non-retaliatory motive asserted by Defendants was the true reason for Plaintiff's discharge or was merely a pretext for retaliation. Defendants' Motion for Summary Judgment on the retaliation claim is denied.

## VI.   PALACE AS EMPLOYER ARGUMENT

Palace asserts in footnote 1 of the Motion that Plaintiff was employed only by Festival and not by Palace. Plaintiff argues that the two companies should both be treated as her employer. Plaintiff relies on the "single employer" test recognized in *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir. 1983). Under the "single employer" test, the Court determines whether two private companies constitute a single employer under Title VII by considering four factors: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control. *See Trevino*, 701 F.2d at 404; *see also Garrett-Woodberry v. Miss. Bd. of Pharmacy*, 300 F. App'x. 289, 291 (5th Cir. Nov. 20, 2008). The second factor is the most important. *Id.* (citing *Trevino*, 701 F.2d at 404).

In this case, Plaintiff has presented sufficient evidence to raise a genuine issue of material fact on the "single employer" issue. Palace owns 100% of the shares of Festival. Palace has stated in filings with the Securities Exchange Commission that it owns "and operates" family entertainment centers, has relatively fixed costs for full-time employees, and has significantly more seasonal employees during warmer months. Palace also states on its website and in press releases that it "operates" the amusement parks such as Mountasia. Palace and Festival share corporate headquarters and corporate officers. Reports prepared by the managers of the

individual parks, such as Mountasia, are sent to a "Palace Entertainment" email address. Palace promulagated Festival's general employment policies, including its "Sexual Harassment" policy. Plaintiff has also presented substantial evidence that Palace played a significant role in her employment. The documents in Plaintiff's personnel file, including her employment application, her performance reviews, and promotion documents, are Palace documents. Gene Muncy, a general manager, wrote to Plaintiff on May 28, 2007, that her "employment with Palace Entertainment is hereby terminated, effective immediately." *See* Muncy Letter, Exh. 9 to Response. This evidence raises a fact dispute regarding Plaintiff's "single employer" argument and Palace is not entitled to summary judgment on its footnote argument that it is not Plaintiff's employer for purposes of Title VII sexual harassment and retaliation claims.

## VII. CONCLUSION AND ORDER

Plaintiff has failed to present evidence that the alleged sexual harassment was adequately severe or pervasive to support a hostile environment sexual harassment claim. Plaintiff has presented evidence, however, that raises a genuine issue of material fact in support of her quid pro quo sexual harassment and retaliation claims. Whether Festival and Palace are a "single employer" for purposes of Plaintiff's quid

pro quo sexual harassment and retaliation claims is a matter to be resolved by the trier of fact at trial. Accordingly, it is hereby

**ORDERED** that the Motion for Summary Judgment [Doc. # 17] is **GRANTED** as to the hostile environment sexual harassment claim and **DENIED** in all other respects. It is further

**ORDERED** that the Motion for Leave to File Sur-Reply and Supplement Summary Judgment Record [Doc. # 22] is **DENIED AS MOOT**.

The case remains scheduled for docket call on **May 21, 2009**.

SIGNED at Houston, Texas, this **9th** day of **April, 2009**.

Nancy F. Atlas
United States District Judge